IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER H. SCOTT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 07-4362 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Defendant. | : | |

### ORDER

AND NOW, this 25th Day of September, 2008, upon consideration of the Report and Recommendation of Magistrate Judge Arnold C. Rapoport (Doc. No. 11) to which no objections have been made, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's request for reversal or remand is **DENIED**; and

3. The decision of the Commissioner of Social Security which denied Plaintiff's claim for Disability Insurance Benefits is **AFFIRMED**.

Judge Rapoport noted in his Report and Recommendation as follows:

> I note, shockingly, that Scott has apparently never been held to account for his alleged murder of the drug dealer. (R. 173-74.) His medical records state quite plainly that he admitted to his physicians that he committed the homicide and, that, while his mental health counselors implored him to go to the police, he never did so. (R. 79-81; 86-88.) I assume that his physicians did not alert authorities to Scott's confession based on doctor patient confidentiality requirements. However, having now placed his medical history in issue by filing for DIB, Scott's admission is now on public record.
>
> I make no assumption whether Scott's "confession" to the murder stems from an actual act, or is a product of a well formed delusion. I note that, while there is no corroborating information in his medical records, his care givers appear to have believed that his confession was truthful and made no

>   assessment that Scott was delusional.  The ALJ also made no assessment whether Scott's admission was truthful or a product of delusional thinking, as this determination was not relevant to the decision of the ALJ.
>
>   There is nothing in the administrative record or the papers filed in this Court to indicate that the Commissioner or the Special Assistant United States Attorney have ever advised the Philadelphia Police or District Attorney of Scott's admissions.

(Doc. No. 11, at 3 n. 4.)

I am referring this matter to the United States Attorney for this District for investigation of this matter.

                                              **AND IT IS SO ORDERED.**

                                              **s/ Paul S. Diamond**

                                              _____

                                              **Paul S. Diamond, J.**